2005 OK JUD ETH 2

### JUDICIAL ETHICS OPINION 2005-2.

### No. 2005-2.

Oklahoma Judicial Ethics Advisory Panel.

March 28, 2005.

**QUESTION 1:** May a judge accept the payment of a fee owed by a former client four years after going on the bench and after the judge had specifically and formally forgiven all accounts receivable.

**QUESTION 2:** Would the acceptance of a proffer of payment constitute acceptance of a gift prohibited by Canon 4D(5) of the Code of Judicial Conduct?

**QUESTION 3:** Would the former client's payment, despite forgiveness, constitute a novation of the debt?

**ANSWERS:**

**Question 1:** Yes

**Question 2:** No

**Question 3:** We decline to answer as the question is one of law and not of judicial ethics and thus outside the purview of the authority vested in this body by the Oklahoma Supreme Court.

**FACTS:**

1. While in the private practice of law a client owed a fee in excess of $5000.

2. After appointment to the bench four years ago, and during the first year on the bench, the judge forgave all of the accounts receivable, specifically including the fee in excess of $5000.

3. After four years on the bench the former client contacted the judge through the bailiff about the fee and was advised the debt had been forgiven.

4. The former client persisted and called several times insisting on payment of the fee

5. The former client's legal matter for which the fee was generated was concluded more than four years ago. There is no continuation of that legal matter.

6. The former client does not have any known legal matter pending in this county, nor is there any business, social or familial relationship between the judge and the former client. The former client is an individual and not a corporation or other business entity. The former client has not been in contact or communication with the attorney now judge since the finalization of the former legal matter for which the fee was owed.

7. Despite the information communicated by the bailiff to the former client, the former client sent a cashiers check (for the full amount of the bill) via certified mail return receipt requested, together with a copy of the earlier correspondence between the lawyer and the client during the case and a copy of the bill from the lawyer.

**DISCUSSION:** It is our opinion that the fact the judge chose to forgive the debt sought to be paid did not erase the debt, but merely indicated an intention to refrain from attempting to collect a legal obligation and that the debtor's offer to pay under the facts outlined is neither a gift as prohibited by Canon 4D(5) f the Code of Judicial Conduct nor does it violate any other provisions of the Code.

/s/Robert L. Bailey, Chairman

/s/Robert D. Simms, Vice Chairman

/s/Milton C. Craig, Secretary